Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Yana A. Hart, Esq. (SBN: 306499)
yana@westcoastlitigation.com
**Hyde & Swigart, APC**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Fax: (619) 297-1022

*Attorneys for Plaintiff*
Sherry Rostami

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SHERRY ROSTAMI, and all other similarly situated,**<br><br>                    Plaintiffs,<br><br>v.<br><br>**MACY'S, INC., and DOES 1-20,**<br><br>                    Defendants. | Case No:  '18CV1449 BEN WVG<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF:**<br><br>**(1)  THE CONSUMER LEGAL REMEDIES ACT, Cal. Civ. Code § 1750,** *et seq.***;**<br>**(2)  THE UNFAIR COMPETITION LAW, Bus. & Prof. § 17200,** *et seq.***;**<br>**(3)  THE ROSENTHAL FAIR DEBT COLLECTIONS PRACTICES ACT, Cal. Civ. Code § 1788,** *et seq.***;**<br>**(4)  THE ELECTRONIC FUND TRANSFER ACT, 15 U.S.C. 1693,** *et seq.***; and**<br>**(5)  FRAUD**<br><br>**JURY TRIAL DEMANDED** |

## Introduction

1. SHERRY ROSTAMI ("Plaintiff") brings this Class Action to enjoin the deceptive business practices of MACY'S, INC. ("Defendant") with regard to Defendant's deceptive, misleading, and fraudulent billing practices in charging Plaintiff for purchases made at Defendant's online store.

2. The deceptive and misleading billing practices of Defendant causes consumers to suffer monetary damages.

3. These unlawful business practices constitute violations of: (1) California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, et seq.; (2) California's Unfair Competition Law ("UCL"), Bus. & Prof. Code §§ 17200, et seq.; (3) California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788.17, et seq, and (4) the Electronic Fund Transfer Act, 15 U.S.C. § 1693, et seq.; and (5) Common law fraud.

4. This conduct caused damages to Plaintiff and others similarly situated, and requires restitution and injunctive relief to remedy and prevent further harm.

5. Defendant's billing practices also caused Defendant's competitors to suffer a competitive disadvantage because these misleading billing practices force Defendant's competition to choose between engaging in the same deceptive business practices as Defendant or suffer a financial and competitive disadvantage by not engaging in this same deceptive behavior.

6. While violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

7. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain directly to Plaintiff, which Plaintiff alleges on personal knowledge.

8. Unless otherwise stated, the conduct engaged in by Defendant took place in California.

9.  Defendant represents to consumers who buy merchandise on its website that the purchase price for its merchandise is the price that consumers pay at checkout. However, without authorization, Defendant later charges consumers additional amounts that the consumes never authorized. These additional charges are false, deceptive, and misleading.

10. Defendant does not provide consumers with a receipt—or any notice for that matter—for these additional, unauthorized purchases.

11. By processing these additional, unauthorized charges, Defendant is misleading the public regarding the cost of its merchandise.

**Jurisdiction and Venue**

12. This court has original and supplemental jurisdiction under 15 U.S.C. § 1693, *et seq*., 28 U.S.C. § 1331, and 28 U.S.C. § 1367. In addition, this court has jurisdiction under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and the parties are domiciled in separate states.

13. Because Defendant does business within the State of California, personal jurisdiction is established. Furthermore, Defendant regularly conducts business in the California through its department stores and online store.

14. Venue is proper under state law under Code of Civil Procedure § 395 because the conduct complained of occurred within the Court's judicial district and Defendant conducts substantial business in the County of San Diego.

**Parties**

15. Plaintiff is a natural person who resides in the City of San Diego, State of California.

16. Defendant is an Ohio corporation that operates nationwide retail stores, including an online store.

17. The true names and capacities of Does 1-20 are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names. Plaintiff will seek to amend this Complaint and include these Doe Defendants' true names and

capacities when they are ascertained. The fictitiously named Defendants are responsible in some manner for the conduct alleged herein and for the damages suffered by Plaintiff.

<strong>Factual Allegations</strong>

18. At at unknown time before December, 2016, Plaintiff began shopping at macy's.com. From December 2016 to July 2017, Plaintiff made a series of purchases from Defendant's online store, all of which are recorded in her account under her purchase history.

19. Plaintiff made various purchases on the Macy's website using her Wells Fargo debt card.

20. Rather than charge Plaintiff the total sum of each purchase, Defendant charged Plaintiff for multiple sums that were supposed to add up to the total.

21. Plaintiff alleges on information and belief that this breakdown was designed to deceive consumers into believing that Defendant charged consumers in an amount equal to their purchase.

22. However, Defendant was using this tactic to deceive consumers, overcharging them for various, unexplained, and unauthorized amounts, which were larger than the purchase price for the items bought.

23. For instance, in July of 2017, Plaintiff bought $126.73 in merchandise. Rather than charge Plaintiff for one payment of $126.73, Defendant charged Plaintiff two payments of $100.21 and $13.71. In addition, on July 11, 2018, Defendant billed Plaintiff for three separate charges of $139.19, $4.57, and $21.37. None of these additional charges were authorized or appear on Plaintiff's purchase history.

24. In or around July 11, 2017—and for the first time since Plaintiff opened her online account with Defendant—Plaintiff began to suspect that Defendant was overcharging her for online purchases. Plaintiff then reviewed her bank statements and purchase history and discovered that Defendant had indeed been

charging her for additional items that she did not purchase, did not receive, and did not authorize.

25. Without Plaintiff's authorization, Defendant overcharged Plaintiff at least $2,321.52 at the following rates during the following months:

| Dates | Authorized Charges | Unauthorized Charges |
| --- | --- | --- |
| December, 2016 | $137.84 | $259.7 |
| January, 2017 | $161.59 | $467.01 |
| February, 2017 | $1,719.69 | $353.73 |
| March, 2017 | $396.01 | $0.00 |
| April, 2017 | $795.23 | $805.38 |
| May, 2017 | $472.94 | $220.55 |
| June, 2017 | $281.25 | $50.03 |
| July, 2017 | $113.92 | $165.12 |
| Total | $4,502.88 | $2,321.52 |

26. None of the unauthorized charges are reflected in Plaintiff's purchase history but are reflected on Plaintiff's bank statement as Macy's.com

27. In addition, Plaintiff purchased several items that were later returned. Although her purchase history confirmed that she had been reimbursed for all of her returns, her bank statement did not reflect all of these reimbursements. From time to time, Defendant would redeposit money into Plaintiff's account, but these reimbursements were not earmarked and did not correspond with her the reimbursements identified in her purchase history. On information and belief, Plaintiff alleges that Defendant owes Plaintiff thousands of dollars in reimbursements.

28. If Defendant wanted to increase its profit, it could simply raise the price of its merchandise, without misleading the public.

29. Had Defendant raised the cost of its merchandise, consumers would know how much each item actually costs.

30. By breaking down purchase prices into multiple charges, while including additional charges in excess of the total, consumers are deceived into thinking that their merchandise will cost less than it actually does.

31. Defendant knew, or in the exercise of reasonable care, should have know, that the addition of these additional charges was false, deceptive, and misleading.

32. Defendant could have easily raised the price of its merchandise. Instead, Defendant deliberately chose to add these charges to the consumers' bill after their purchases were complete. This made it less likely that the consumers would notice the additional charges.

33. Defendant deceived its consumers in order to receive the benefit of its false, misleading, and deceptive charges.

**Class Allegations**

34. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. Many consumers never realize that they are being overcharged for their purchases and are tricked into believing that they are being charged for not more than the purchase price.

36. Unless a consumer conducts a detailed audit of all of the charges and compares them to amounts charged, it is impossible for them to discover the higher amount that Defendant charges without any authorization or justification.

37. Had Plaintiff known that she would be overcharged for purchases, she would not shop at Defendant's online store.

38. Plaintiff brings this action individually and on behalf of all others similarly situated against Defendant, pursuant to Federal Rules of Civil Procedure, Rules 23(a), 23(b)(1), 23(b)(2) and 23(b)(3).

39. The class that Plaintiff represents is defined as follows: all persons who purchased merchandise from Defendant's online store and who were charged additional amounts, without their consent or knowledge, above what they paid at checkout. This class consists of all those consumers who were the victims of such charges within the last four years.

40. This Class also consists of a subclass that has claims under the Rosenthal Fair Debt Collection Practices Act and the Electronic Funds Transfer Act. This sub class consists of all those consumers who fell victims of such charges with the last year.

41. Excluded from the Class are Defendant and any of its officers, directors, and employees. Plaintiff reserves the right to modify or amend the Class definition before the Court determines whether certification is appropriate.

42. The "Class Period" is four years before the filing of the Complaint in this action.

43. **Ascertainability**. Plaintiff does not know the number of members in the Class, but Plaintiff currently believes that there are thousands, if not more, members of each Class within the State of California. Because of the nature of Defendant's services, Defendant must keep detailed and accurate records of payments and servicing. Therefore, the members of each Class are ascertainable through Defendant's records and Defendant's agents' records regarding online payments. This matter should therefore be certified as a Class Action to assist in the expeditious litigation of this matter.

44. **Numerosity**. The numerosity requirement of Fed. R. Civ. P. Rule 23(a)(1) is satisfied for the above Class because the members of the Class are so numerous and geographically disbursed that joinder of each Class members is impractical, and the disposition of their claims in a Class Action will provide substantial benefits both to the parties and to the court.

45. **Existence and Predominance of Common Questions of Law and Fact.** There is a well-defined community of interest in the questions of law and fact involved

affecting the parties to be represented. Common questions of fact and law exist in this matter that predominate over questions that may affect individual Class members. All members of this Class have been subject to the same conduct and their claims are based on the standardized business practices of Defendant. The common legal and factual questions include, but are not limited to, the following:

- Whether Defendant represents that the price of its merchandise is the purchase price that consumers pay at checkout;
- Whether Defendant arbitrarily changes the price of its merchandise after consumers have made the purchase; and
- Whether Defendant processes these additional amounts without the consumers' knowledge or consent;

46. **Typicality**. As a person who was wrongfully charged with unauthorized and unspecified items by Defendant or its representatives, Plaintiff is asserting claims that are typical of the Class. Plaintiff's claims involve the same violations of law by Defendant as other Class members' claims. Plaintiff and members of the Class also sustained damages arising out of Defendant's common course of conduct complained herein. Accordingly, Plaintiff satisfies the "typicality" requirement of Fed. R. Civ. P., Rule 23(a)(3) with respect to the Class.

47. **Adequacy of Representation**. Plaintiff will fairly and adequately represent and protect the interests of other members of the Class in that Plaintiff has no interests antagonistic to any member of the Class. Further, Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of consumer laws—including all of the causes of action alleged herein. Thus, Fed. R. Civ. P., Rule 23(a) (4) is satisfied.

48. **Superiority**. A class action is superior to all other available means for the fair and efficient adjudication of this controversy. Individualized litigation would create the danger of inconsistent and/or contradictory judgments arising from the

same set of facts. Individualized litigation would also increase the delay and expense to all parties and court system and the issues raised by this action. The damages or other financial detriment suffered by individual Class members may be relatively small compared to the burden and expense that would be entailed by individual litigation of the claims against the Defendant. The injury suffered by each individual member of the proposed class is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for members of the proposed Class to individually redress effectively the wrongs to them. Even if the members of the proposed Class could afford such litigation, the court system could not. Individualized litigation increases the delay and expense to all parties, and to the court system, presented by the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Therefore, a class action is maintainable.

49. Unless the Class is certified, Defendant will retain monies received as a result of Defendant's unlawful and deceptive conduct alleged herein. Unless a class- wide injunction is issued, Defendant will also likely continue to engage in unlawful and misleading business practices, and members of the Class will continue to be misled, harmed, and denied their rights under California law.

50. Further, Defendant has acted or refused to act on grounds that are generally applicable to the class so that declaratory and injunctive relief is appropriate to the Class as a whole, making class certification appropriate pursuant to Fed. R. Civ. P. 23(b)(2).

**First Cause of Action**

**Violation of California Consumers Legal Remedies Act**

**Cal. Civ. Code Section 1750, et seq.**

51. California Civil Code Section 1750 et seq., entitled the Consumers Legal Remedies Act (hereinafter "CLRA"), provides a list of "unfair or deceptive" practices in a "transaction" relating to the sale of "goods" or "services" to a "consumer." The Legislature's intent in promulgating the CLRA is expressed in Civil Code Section 1760, which provides, *inter alia*, that its terms are to be:

> Construed liberally and applied to promote its underlying purposes, which are to protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection.

52. Defendant's sale of merchandise constitutes "services" as defined pursuant to Civil Code Section 1761(b).

53. Plaintiff and the Class members purchased merchandise from Defendant for personal and family purposes. Therefore, Plaintiff and the Class are "consumers" as defined pursuant to Civil Code Section 1761(d).

54. Each of Plaintiff's and the Class members' payments to Defendant constituted a "transaction" as defined pursuant to Civil Code Section 1761(e).

55. Civil Code Section 1770(a)(14) provides that:

> The following unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer are unlawful:
> (14) Representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve . . . .

56. Defendant violated Civil Code Section 1770(a)(14) by charging Plaintiff additional sums in excess of the stated total, as reflected by the purchase price at

the time of checkout; and it did this after the purchase was made and without Plaintiff's and the Class's knowledge and consent.

57. Civil Code Section 1770(a)(9) states that:

"(a) The following unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consume are unlawful:

(20) Advertising that a product is being offered at a specific price plus a specific percentage of that price unless (A) the total price is set forth in the advertisement, which may include, but is not limited to, shelf tags, displays, and media advertising, in a size larger than any other price in that advertisement, and (B) the specific price plus a specific percentage of that price represents a markup from the seller's costs or from the wholesale price of the product. This subdivision shall not apply to in- store advertising by businesses that are open only to members or cooperative organizations organized pursuant to Division 3 (commencing with Section 12000) of Title 1 of the Corporations Code where more than 50 percent of purchases are made at the specific price set forth in the advertisement."

58. Defendants violated Civil Code Section 1770(a)(9) and (20) by failing to provide consumers with the precise cost of its goods or the formula that is used to calculated the total amount of their purchases.

59. Rather, it charged Plaintiff and the Class a specified sum at checkout. Later, it charged them additional amounts without their knowledge or consent. It did not provide them with notice of these additional charges or an explanation of where they came from, what they represent, and why they were imposed. Plaintiff and the Class simply incurred random charges from Defendant's online store for amounts that were not reflected in their purchase history.

60. These additional charges were not listed on any billing statement or disclosures from Defendant, and thus, Defendant improperly applied the fee in violation of Civil Code Section 1770(a)(9).

61. Defendant applied these additional charges after had made the purchase. Thus, they are unlawful because they exceed the amount consumers authorized Defendant to charge, in violation of Civil Code Section 1770(a)(20).

62. On information and belief, Defendant's violations of the CLRA set forth herein were done with awareness of the fact that the conduct alleged was wrongful and was motivated solely for Defendant's self-interest, monetary gain and increased profit.

63. Plaintiff further alleges that Defendant committed these acts knowing the harm that would result to Plaintiff and Defendant engaged in such unfair and deceptive conduct notwithstanding such knowledge.

64. Plaintiff believed Defendant's representations that the items she purchased cost only what she was charged at checkout. Had Plaintiff known that Defendant would charge her for additional amounts without her authorization or knowledge, Plaintiff would not have purchased merchandise from Defendant's online store.

65. Plaintiff suffered an "injury in fact" because Plaintiff's money was taken by Defendant through a series of unauthorized charges.

66. As a direct and proximate result of Defendant's violations of the CLRA, Plaintiff and members of the Class are entitled to a declaration that Defendant violated the Consumer Legal Remedies Act.

67. In prosecuting this action for the enforcement of important rights affecting the public interest, Plaintiff seeks the recovery of attorneys' fees, which is available to a prevailing plaintiff in class action cases such as this matter.

**Second Cause of Action**

**Violations of the Unfair Competition Law**

**Cal. Bus. & Prof. Code §§ 17200 et seq.**

68. Plaintiff repeats, re-alleges and incorporates by reference the above allegations as if fully stated herein.

69. Plaintiff and Defendant are each "person[s]" as defined by California Business & Professions Code § 17201. California Business & Professions Code § 17204 authorizes a private right of action on both an individual and representative basis.

70. "Unfair competition" is defined by Business and Professions Code Section § 17200 as encompassing several types of business "wrongs," four of which are at issue here: (1) an "unlawful" business act or practice, (2) an "unfair" business act or practice, (3) a "fraudulent" business act or practice, and (4) "unfair, deceptive, untrue or misleading advertising." The definitions in §17200 are drafted in the disjunctive, meaning that each of these "wrongs" operates independently from the others.

**A. *"Unlawful" Prong***

71. In violating the CLRA, Defendant violated California's Unfair Competition Law, Business & Professions Code §§17200 *et seq.*, which provides a cause of action for an "unlawful" business act or practice perpetrated on members of the California public.

72. Defendant had other reasonably available alternatives to further its legitimate business interest, rather than resorting to conduct described herein. For example, Defendant could have included these additional, unauthorized charges in the purchase price of the items that Plaintiff purchased.

73. Plaintiff and the putative class members reserve the right to allege other violations of law, which constitute other unlawful business practices or acts, as such conduct is ongoing and continues to this date.



## B. "Unfair" Prong

74. Defendant's actions and representations constitute an "unfair" business act or practice under § 17200 in that Defendant's conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct. Without limitation, it is an unfair business act or practice for Defendant to knowingly or negligently represent to consumers, that the total amount of each purchase—the amount that Plaintiff and the Class were required to pay at the time of checkout—was the total amount that Plaintiff and the Class were required to pay for their respective purchases. However, Defendant continued to tack on charges after the purchase was made, and it did so without the consumer's consent or knowledge. Moreover, at no point did Defendant tell the consumer that it was processing these additional charges.

75. Further, Defendant failed to explain its calculation of the purchase price and did not warn Plaintiff or the Class that they would or may incur additional, arbitrary charges. These charges caught Plaintiff by surprise and were only discovered through her scrupulous investigation.

76. Such conduct by Defendant is "unfair" because it offends established public policy and/or is immoral, unethical, oppressive, unscrupulous and/or substantially injurious to consumers in that consumers are led to believe that the purchase price represents the entire amount the the consumer is required to pay, when in fact Defendant secretly and arbitrarily continued to charged the consumers beyond the stated total.

77. At a date presently unknown to Plaintiff, and as set forth above, Defendant has committed acts of false and misleading representations regarding the cost of its merchandise by adding additional charges after consumers had purchased items from its website.

78. Defendant could and should have furthered its legitimate business interests by stating the correct purchase price that the consumer is required to pay or by explaining how it calculates the purchase price and processes payments. These were reasonably available alternatives that would have furthered Defendant's legitimate business interest.

79. Plaintiff and other members of the Class could not have reasonably avoided the injury suffered by each of them. Indeed, Defendant processed these additional charges after the purchases were already made and without Plaintiff's and the Class's consent or knowledge. It was only through scrupulous investigation that Plaintiff discovered Defendant's billing practices, and this happened after the fact.

### C. *"Fraudulent" Prong*

80. Defendant's representations were false, misleading and/or likely to deceive the consuming public within the meaning of Business & Professions Code §§ 17200 *et seq*. Defendant engaged in fraudulent acts and business practices by knowingly or negligently representing to Plaintiff, and other similarly situated consumers, their total purchase price, while secretly adding additional charges without their knowledge and consent.

81. Plaintiff and the Class did not agree to these additional charges and were deceived into believing that they would be charged the purchased price only.

82. Defendant fraudulently absconded with Plaintiff's and Class's money and failed to provide them with notice that Defendant would process additional charges. In addition, Defendant did not provide Plaintiff or the Class with a calculation these charges, or an itemization of the total purchase price.

83. Plaintiff reserves the right to allege further conduct that constitutes other fraudulent business acts or practices. Such conduct is ongoing and continues to this date.

84. The fraudulent, unlawful and unfair business practices and false and misleading advertising of Defendant, as described above, presents an ongoing threat to consumers in that they will continue to be misled by the fees imposed by Defendant, when consumers attempt to make payment.

### D. "Unfair, Deceptive, Untrue or Misleading Advertising" Prong

85. Defendant's advertising is unfair, deceptive, untrue or misleading in that consumers are led to believe that the purchase price is the total amount that they are required to pay when they checkout, when in fact Defendant continues to charge them additional amounts without their knowledge or consent.

86. Reasonable consumers would likely be deceived and mislead by Defendant's advertising scheme, and interpret Defendant's purchase price as the total amount they are required to pay. The scheme involves charging the consumer a stated sum at the checkout, plus additional amounts that are charged to the consumers card after the purchase is already made. Reasonable consumers would likely to be deceived and mislead to believe that the totality of what they are required to pay is the purchase price stated at the time of checkout.

87. As a direct and proximate result of the aforementioned acts and representations of Defendant, Defendant received and continues to hold monies rightfully belonging to Plaintiff and other similarly situated consumers.

88. Defendant has engaged in unlawful, unfair and fraudulent business acts or practices, entitling Plaintiff, and putative class members, to a judgment and equitable relief against Defendant, as set forth in the Prayer for Relief. Pursuant to Business & Professions Code § 17203, as result of each and every violation of the UCL, which are continuing, Plaintiff is entitled to restitution and injunctive relief against Defendant, as set forth in the Prayer for Relief.

89. Plaintiff and members of the putative class have suffered an injury in fact and have lost money or property as a result of Defendant's unfair competition, as

1    more fully set forth herein. Plaintiff and members of the putative class have been

2    injured as they relied on Defendant intentional misrepresentations.

3    90. Defendant, through its acts of unfair competition, has unfairly acquired monies

4    from Plaintiff and members of the putative Class. It is impossible for Plaintiff to

5    determine the exact amount of money that Defendant has obtained without a

6    detailed review of the Defendant's books and records. Plaintiff requests that this

7    Court restore these monies and enjoin Defendant from continuing to violate

8    California Business & Professions Code §§ 17200 *et seq*., as discussed herein.

9    91. Plaintiff and other similarly situated consumers residing within California, will

10   continue to be exposed to and harmed by Defendant's unfair business practices

11   unless Defendant is enjoined from continuing to engage in the unlawful, unfair,

12   fraudulent, untrue, and deceptive business acts and practices as described herein.

13   92. Plaintiff further seeks an order requiring Defendant to make full restitution of all

14   moneys wrongfully obtained and disgorge all ill-gotten revenues and/or profits,

15   together with interest thereupon.

16   93. Plaintiff also seeks attorneys' fees and costs pursuant to, *inter alia*, California

17   Civil Code Section 1021.5.

**Third Cause of Action**

**Violations of Rosenthal Fair Debt Collection Practices Act**

**Cal. Civ. Code §§ 1788-1788.32**

21   94. Plaintiff incorporates by reference all of the above paragraphs of this Complaint

22   as though fully stated herein.

23   95. As discussed above, Plaintiff allegedly incurred a financial obligation that was

24   owed and due to Defendant, namely, the additional, unauthorized charges. This

25   obligation is, therefore, a "debt," a "consumer debt," and a "consumer credit," as

26   those terms are defined by Cal Civ. Code § 1788.2(d) and Cal Civ. Code §

27   1788.2(f). In addition, Claimant is a "debtor," as that term is defined by Cal Civ.

28   Code § 1788.2(h).

96. On behalf of itself, Defendant regularly collects or attempts to collect, directly or indirectly, money that is owed or due, or asserted to be owed or due, as illustrated below. Therefore, Defendant is a "debt collector," as that term is defined by Cal. Civ Code § 1788.2(c). Defendant attempts to collect debts constitute "debt collection," as that term is defined by Cal. Civ. Code § 1788.2(b).

97. Defendant's failure to inform Plaintiff and the Class of the available methods of additional charges is likely to deceived the least sophisticated consumer who would believe that the purchase price listed at the time of checkout is the cost of Defendant's merchandise.

98. Defendant violated the RFDCA by collecting on money not owed.

99. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

### Fourth Cause of Action
### Violations of the Electronic Fund Transfer Act
### 15 U.S.C. 1693, *et seq.*

100. Plaintiff repeats, re-allege and incorporate herein by reference all of the paragraphs above.

101. Plaintiff, on behalf of herself and the Class, asserts that Defendant failed to:

- Provide consumers with a notice describing the additional charges that complies with 12 C.F.R. §§ 205.17(b)(1)(i), (d);
- Provide consumers with a reasonable opportunity to affirmatively consent, or opt in, to additional charges in accordance with 12 C.F.R. § 205.17(b) (1)(ii);

- Obtain the consumers' affirmative consent and authorization to the additional charges in accordance with 12 C.F.R. § 205.17(b)(1)(iii); or
- Provide consumers with a confirmation of their consent in accordance with 12 C.F.R. § 205.17(b)(1)(iv).

102. Nonetheless, Defendant imposed these additional charges on Plaintiff and the Class unauthorized debit card transactions in violation of 12 C.F.R. § 205.17(b), (c).

103. As a result of Defendant's violations of EFTA, Defendant is liable to Plaintiff and the EFTA Class for actual and statutory damages pursuant to 15 U.S.C. § 1693m.

104. As a result of Defendant's violations of the EFTA, Defendant is liable to Plaintiff and the EFTA Class for actual and statutory damages and Plaintiff and the Class are entitled to recover costs of suit and their reasonable attorneys' fees.

**Fifth Cause of Action**

**Fraud**

105. Defendant represented that the purchases prices stated at the time of checkout were the sum total that Plaintiff and the Class were required to pay for their respective purchases.

106. These representations were false because Defendant continued to charge Plaintiff and the Class additional sums above the stated purchase price.

107. Defendant knew that these representation was false because it is the only party that sets the purchase price.

108. Defendant knew that its purchase prices were false when its made these representations because it sets the purchase price, which it then provides to the consumer at checkout.

109. Plaintiff and the Class reasonably relied on this representation because Defendant did not tell them that it would charge them additional amounts at a later time, and did not provide them with notice that such charges were made

after the charges were processed. It was only through scrupulous investigation that Plaintiff discovered Defendant's fraudulent billing practices.

110. As a result of Defendant's acts, Plaintiff and the Class were harmed because Defendant took their money without their consent or knowledge, and they did not receive anything in return for these fraudulent charges.

111. Plaintiff's and the Class's reliance on Defendant's representations were a substantial factor in causing their harm. Plaintiff and the Class authorized Defendant to charge them for the purchase price. They did not authorize any additional charges. Their reliance on Defendant's representations led them to make the purchase and, in turn, suffer from Defendant's fraudulent billing practices.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant, and that Plaintiff and Class members be awarded damages from Defendant as follows:

- That this action be certified as a Class Action, Plaintiff be appointed as the representative of the Class, and Plaintiff's attorneys be appointed Class counsel; and

### First Cause of Action

### Violation of California Consumers Legal Remedies Act Cal. Civ. Code Section 1750, et seq.

- That Defendant be enjoined from continuing the wrongful conduct alleged herein pursuant to Cal. Civ. Code § 1782(d) and required to comply with all applicable laws;
- Defendant is compelled to disclose all applicable fees to consumers, provides consumers with the formula to calculate the fee, and offers methods of payments free of charge;

- That Plaintiff and each of the other members of the Class recover their costs of suit, including reasonable attorneys' fees and costs as provided by law; and

- That Plaintiff and the members of the Class be granted any other relief the Court may deem just and proper.

## Second Cause of Action

### Violation of California Business & Professions Code section 17200, et seq.

- That Defendant be enjoined from continuing the wrongful conduct alleged herein and required to comply with all applicable laws;

- That Plaintiff and each of the other members of the Class recover the amounts by which Defendant has been unjustly enriched, plus actual damages, punitive damages, and statutory damages;

- That Plaintiff and each of the other members of the class recover their costs of suit, including reasonable attorneys' fees and expenses pursuant to California Code of Civil Procedure § 1021.5;

- That Plaintiff and the members of the Class be granted any other relief the Court may deem just and proper;

## Third Cause of Action

### Violation of Rosenthal Fair Debt Collection Practices Act Cal. Civ. Code §§ 1788-1788.32 (RFDCPA)

- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code §1788.30(b) against Defendant;

  An award of actual damages in an amount to be determined at trial pursuant to Cal. Civ. Code § 1788.30(a) against Defendant;

- An award of cost of litigation and reasonable attorneys' fees, pursuant to Cal. Civ. Code § 1788.30(c); and

- Any other relief the Court may deem just and proper.

## Fourth Cause of Action

## Violations of the Electronic Fund Transfer Act

## 15 U.S.C. 1693, *et seq.*

- Declaring Defendant's overdraft fee policies and practices to be wrongful, unfair, unconscionable, and in violation of the EFTA;
- Awarding restitution of all overdraft fees at issue paid to Defendant by Plaintiff and the Classes as a result of the wrongs alleged herein in an amount to be determined at trial;
- Compelling disgorgement of the ill-gotten gains derived by Defendant from its misconduct;
- Awarding actual damages in an amount according to proof;
- Awarding punitive and exemplary damages;
- Awarding statutory damages;
- Awarding pre-judgment interest at the maximum rate permitted by applicable law;
- Reimbursing all costs and disbursements accrued by Plaintiff in connection with this action, including reasonable attorneys' fees pursuant to applicable law; and
- Awarding such other relief as this Court deems just and proper.

## Fifth Cause of Action

## Fraud

- Awarding actual damages in an amount according to proof;
- Punitive damages and exemplary damages;
- Reimbursing all costs and disbursements accrued by Plaintiff in connection with this action, including reasonable attorneys' fees pursuant to applicable law; and
- Awarding such other relief as this Court deems just and proper.

**TRIAL BY JURY**

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**Hyde & Swigart, APC**

Date: June 25, 2018                              By:  s/Yana A. Hart_____
                                                Yana A. Hart, Esq.
                                                *Attorneys for Plaintiff*